IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOE DANIELS, | ) | Crim. No. 08-00104 HG-03 |
| | ) | Civ. No. 15-00168 HG-BMK |
| Petitioner, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER DISMISSING PETITIONER DANIELS' MOTION FOR JAIL TIME CREDIT (ECF No. 176)**

Petitioner Joe Daniels is a prisoner incarcerated at the Federal Medical Center in Lexington, Kentucky. Petitioner, proceeding pro se, filed a Motion for Jail Time Credit that challenges the manner, location, or conditions of the execution of his sentence. The Court construes the Motion for Jail Time Credit as a Petition filed pursuant to 28 U.S.C. § 2241. Petitioner Joe Daniels filed his Motion for Jail Time Credit (ECF No. 176) in his criminal case, Cr. No. 08-00104HG-03. Petitioner's Motion should have been filed as a civil case as a writ of habeas corpus, given the nature of the relief sought. The Court has directed the Motion to be filed with a new civil case number, Civ. No. 15-00168 HG-BMK.

1

Petitioner's Motion for Jail Time Credit is **DISMISSED WITHOUT PREJUDICE**.

**PROCEDURAL HISTORY**

On September 5, 2008, Petitioner Joe Daniels pled guilty to all three counts of a three count Indictment. (ECF No. 78). Petitioner pled guilty to:

Count I for conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers;

Count II for attempting to possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers;

Count III for possession with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers. (Indictment, ECF No. 10).

On December 30, 2008, the Court accepted the plea of guilty and adjudged Petitioner Daniels guilty. (ECF No. 104).

On January 23, 2009, Petitioner was sentenced to 170 months imprisonment as to each of Counts 1 through 3, to be served concurrently. (ECF Nos. 112, 121).

On February 12, 2009, Petitioner filed an appeal of his

sentence with the United States Court of Appeals for the Ninth Circuit. (ECF No. 124).

On October 28, 2009, Petitioner's sentence was affirmed. (ECF No. 136).

On December 11, 2014, Petitioner, proceeding pro se, filed a "MOTION FOR JAIL TIME CREDIT AND MOTION FOR APPOINTMENT OF COUNSEL FOR TWO POINT MOTION PURSUANT TO 18 USC §3582(c)(2)." (ECF No. 176).

On December 16, 2014, the Court issued a Minute Order appointing the Federal Public Defender as counsel to assist Defendant. (ECF No. 177).

On April 8, 2015, the Federal Public Defender sent a letter requesting to withdraw as counsel because it did not believe Defendant was eligible for a sentence reduction pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2). (ECF No. 179). The Federal Public Defender did not address Petitioner's Motion for Jail Time Credit (ECF No. 176).

On April 9, 2015, the Court granted the Federal Public Defender's request to withdraw as counsel. (ECF No. 180).

## ANALYSIS

**I. Petitioner's Motion for Jail Time Credit (ECF No. 176) is Construed as Filed Pursuant to 28 U.S.C. § 2241**

A district court must determine whether a petition for a

writ of habeas corpus filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner seeking to challenge the manner, location, or conditions of an execution of a sentence must file a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which he is incarcerated. Id. at 864.

Petitioner Daniels is not contesting the legality of the sentence imposed by the Court in his Motion for Jail Time Credit. (ECF No. 176). Petitioner is claiming that he is entitled to credit for time served in custody prior to sentencing at the "Detention Center, Halfway House, and Home Confinement." (Motion at p. 1, ECF No. 176). The Court construes the Motion for Jail Time Credit as a Petition brought pursuant to 28 U.S.C. § 2241. United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); United States v. Valle, 168 F.3d 504, *1 (9th Cir. 1999); United States v. Greenfield, Cr. No. 08-00634JMS, Civ. No. 11-00452 JMS-KSC, 2011 WL 3047706, *1 (D. Haw. July 22, 2011).

## II. The Court Lacks Jurisdiction to Consider Petitioner's § 2241 Petition

District courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). The

4

United States Supreme Court has clarified this limiting language by holding that in habeas cases involving "present physical confinement, jurisdiction lies in only one district; the district of confinement." <u>Rumsfiled v. Padilla</u>, 542 U.S. 426, 443 (2004); <u>Dunne v. Henman</u>, 875 F.2d 244, 249-50 (9th Cir. 1989).

This Court lacks jurisdiction to consider Petitioner Daniels' Section 2241 Petition because he is not incarcerated in the District of Hawaii. Petitioner is incarcerated at the Federal Medical Center in Lexington, Kentucky, which is located within the United States District Court for the Eastern District of Kentucky.[1]

Petitioner's 2241 Petition (ECF No. 176) is **DISMISSED WITHOUT PREJUDICE** to refiling in the United States District Court for the Eastern District of Kentucky.

## CONCLUSION

Petitioner's Motion for Jail Time Credit (ECF No. 176), construed as a Petition brought pursuant to U.S.C. § 2241, is

---

[1] Petitioner is notified that the proper respondent of a Section 2241 petition is the custodian of the institution where the federal prisoner is incarcerated. 28 U.S.C. § 2242; <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992). Should Petitioner choose to file a Section 2241 petition in the Eastern District of Kentucky, the proper respondent is the warden of Federal Medical Center Lexington.

5

**DISMISSED WITHOUT PREJUDICE.** Petitioner may refile in the proper jurisdiction, the United States District Court for the Eastern District of Kentucky, and with the proper respondent, the warden of Federal Medical Center Lexington.

The Clerk of Court is directed to close the case in this District.

IT IS SO ORDERED.

DATED: May 11, 2015, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge